# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0809
Filed July 8, 2026

————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Adam Richard Felderman,**
Defendant–Appellant.

————————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Mark T. Hostager, Judge.

————————

**AFFIRMED**

————————

Dustin Baker of Henkels & Baker, PC, Dubuque, attorney for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Ahlers, P.J.

1

**AHLERS, Presiding Judge.**

After Adam Felderman pleaded guilty to operating while intoxicated, second offense—his fifth lifetime offense of operating while intoxicated—the district court imposed the maximum term of incarceration of an indeterminate term not to exceed two years. Felderman appeals. He contends the district court abused its discretion by imposing the maximum sentence because the court's "significant departure from the recommended sentences of the parties, without articulating a basis grounded in Felderman's personal circumstances or the availability of rehabilitative support, renders the decision unreasonable."

We have jurisdiction of the appeal despite Felderman's guilty plea because he has established good cause by challenging his sentence, which was neither mandatory nor agreed to as part of a plea agreement. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Felderman's sentence is within statutory limits, so it is presumed valid and will only be overturned for consideration of improper factors or an abuse of discretion. *See id.* at 105–06.

As to sentencing factors, the court accurately articulated the goals of sentencing of rehabilitating Felderman while protecting the community. *See* Iowa Code § 901.5 (2025). And it properly considered his age, the nature of the offense, his criminal history, his family circumstances, his employment circumstances, and his substance-use treatment. *See id.* § 907.5. The fact that the court imposed a longer sentence than either party recommended[1] does not entitle Felderman to relief, as the court was not obligated to follow the recommendation of either party. *See State v. Hallock*, 31 N.W.3d 36, 45

---

[1] The State recommended a jail sentence of 180 days. Felderman recommended a jail sentence of 180 days with all but seven days suspended.

(Iowa 2026) (finding no abuse of discretion when the court imposed a prison sentence even though both parties recommended a deferred judgment).

As to abuse of discretion, such abuse "will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The grounds and reasons articulated by the district court were neither untenable nor unreasonable, so no abuse of discretion occurred.

**AFFIRMED.**